UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JORGE DOMINGUEZ-TORRES,

      Petitioner,

  v.                                                       Case No. 14-cv-1255-pp

LIZZIE TEGELS,

      Respondent.

**ORDER DENYING PETITIONER'S MOTION FOR STAY OF PROCEEDINGS (DKT. NO. 64) AND EXTENDING DEADLINE FOR PETITIONER TO FILE REPLY IN SUPPORT OF HIS PETITION FOR WRIT OF *HABEAS CORPUS***

On October 16, 2023, the court received from the petitioner a notice of motion and motion for a stay of proceedings 28 U.S.C. §2251.[1] Dkt. No. 64. The petitioner explains that he is incarcerated at Jackson Correctional Institution and that he "has not been having access to law library due to short[age] of staff and institution buildings reparations." Id. at 1. The petitioner also explains that his roommate recently "had an overdose with [an] unknown drug, and for [the petitioner's] own safety, [prison security] decide[d] to not allow [him] to enter . . . his room and get access to his properties and legal documentation

---

[1] Section 2251(a)(1) provides that a judge of the United States "before whom a habeas proceeding is pending, may, before final judgment . . . stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." 18 U.S.C. §2251(a)(1). This statute allows a federal court to stay *state* proceedings while the federal *habeas* proceeding is pending. McFarland v. Scott, 512 U.S. 849, 853 (1994); federal courts frequently use it to order the stay of state orders of execution during the outcome of a federal *habeas* petition challenging the conviction or the death sentence.

1

[from September 24, 2023] through [October 2, 2023]." Id. at 2. As evidence of this incident, the petitioner included with his motion a signed letter from a Corrections Program Supervisor at the prison, confirming that he "did not have access to his legal work from" September 24, 2023 to October 2, 2023 due to "circumstances beyond his control." Id. at 4.

The petitioner provides additional grounds for his motion to stay proceedings. He explains that he "has been relying on a 'Jailhouse Lawyer' . . . who is incarcerated at [another prison] for help with 90% of his filings." Id. at 2. He says that his jailhouse lawyer's prison is experiencing its own staffing shortages and that, as a result, its "law library and education department have been shuttered since [March 28, 2023]." Id. But the petitioner says that the jailhouse lawyer recently wrote to the petitioner (the petitioner attached those letters to his motion) explaining that he is being transferred to another prison and will be able to continue work on the petitioner's reply brief once he gains access to his new prison's law library. Id. The petitioner adds that while he has been "trying to find someone [at his prison] who can help him with his legal matter," he has had no luck, and thus has "no choice but to continue relying on [his current jailhouse lawyer]." Id. at 3.

This is one of the oldest cases on the court's docket, in part because the court stayed the proceedings years ago to allow the petitioner to exhaust his state court remedies. Both the respondent and the petitioner have asked for extensions of time to complete the briefing. The respondent filed her brief on April 18, 2023—six months ago—and this is the petitioner's fourth request for an extension of time. On the other hand, the court understands the difficulties of litigating from prison. The petitioner has had a traumatic experience (his cellmate's overdose) that set back his efforts, and the person who has been

2

Case 2:14-cv-01255-PP   Filed 10/23/23   Page 2 of 3   Document 65

assisting him has been temporarily unavailable. These are good reasons for the court to give the petitioner more time to file his reply.

The deadline for the petitioner to file his reply brief in support of his petition for a writ of *habeas corpus* was October 13, 2023. Dkt. No. 63. There is no need for the court to "stay" the proceedings; it simply will again extend the deadline for the petitioner to file his reply brief. The court reminds the petitioner that a "reply" brief is an opportunity for him to respond to the arguments the respondent raised in her opposition brief. He does not need to repeat all his arguments from his original petition or brief; he needs only to respond to the arguments the respondent raised in her April 2023 opposition brief.

The court **DENIES AS UNNECESSARY** the petitioner's motion to stay the proceedings. Dkt. No. 64.

The court **ORDERS** that the petitioner must file his reply in support of his petition for writ of *habeas corpus* in time for the court to *receive* it by end of day on **January 26, 2024**. If the court does not receive the reply brief, or a motion for additional time to file it, by the end of the day on January 26, 2024, the court will rule on the petition without the petitioner's reply brief.

Dated in Milwaukee, Wisconsin this 23rd day of October, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
